IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **TRACI A. ABERNATHY,**<br>1495 Nathaniel Drive<br>Cincinnati, Ohio 45240<br><br>   **Plaintiff,**<br>v.<br><br>**TRIHEALTH G, LLC,**<br><br><u>Serve</u>:<br>FileJet, Inc.<br>1201 Dublin Road. #609<br>Columbus, Ohio 43215<br><br>**and**<br><br>**TRIHEALTH, INC.,**<br><br><u>Serve</u>:<br>FileJet, Inc.<br>1201 Dublin Road. #609<br>Columbus, Ohio 43215<br><br>   **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br>Judge: _____<br><br>**COMPLAINT AND JURY DEMAND** |

   **COMES NOW,** Plaintiff, Traci A. Abernathy, by and through counsel, and for her Complaint and Jury Demand against Defendants TriHealth G, LLC, TriHealth, Inc. and, states as follows:

### PARTIES, JURISDICTION, AND VENUE

   1.  Plaintiff, Traci A. Abernathy has been a resident of Hamilton County, Ohio at all times relevant to this Complaint.

2. Defendant TriHealth G, LLC. has been a limited liability company organized under the laws of the State of Ohio, with a principal place of business in Hamilton County, Ohio at all times relevant to this Complaint.

3. Defendant TriHealth, Inc. has been a non-profit corporation incorporated under the laws of the State of Ohio, with a principal place of business in Hamilton County, Ohio at all times relevant to this Complaint.[1]

4. This Court has jurisdiction over the parties identified in this Complaint, and the subject matter of the same.

5. Venue is appropriate in the Hamilton County Court of Common Pleas.

## FACTS

6. Plaintiff incorporates the preceding allegations of this Complaint as if fully rewritten.

7. Defendants hired Ms. Abernathy on February 3, 2020, as a medical assistant at their Kenwood, Ohio Facility ("Facility").

8. On March 16, 2020, Defendants' President and CEO, Mark C. Clement issued a company-wide Update related to Defendants' collective response to the coronavirus pandemic.

9. Included in Mr. Clement's Update was a statement that participation of clinical and non-clinical staff in COVID-19 clinics and other specialized programs would be voluntary for employees like Ms. Abernathy.

---

[1] Defendants TriHealth G, LLC and TriHealth, Inc. shall be collectively referred to as "Defendants" in this Complaint unless otherwise indicated.

2

10. Ms. Abernathy and her fiancé suffer from several underlying health conditions that put them at heightened risk if exposed to the coronavirus, including without limitation chronic Asthma, heart disease, chronic obstructive pulmonary disease ("COPD"), diabetes, and congestive heart failure ("CHF").

11. Despite Mr. Clement's March 16, 2020, Update, and the medical conditions identified above, in January 2021, Ms. Abernathy's then-supervisor, Chrissie Conner demanded that Ms. Abernathy report to the Facility's COVID-19 clinic on January 14, 2021.

12. Due to the underlying health conditions of Ms. Abernathy and her fiancé, Ms. Abernathy explained that she could not report to the COVID-19 clinic as ordered without putting herself and her finance at unreasonable risk.

13. On January 15, 2022, Ms. Abernathy presented human resources representative, Bridge Rolfes with a letter from her physician, Nisar F. Haq, MD, stating that in her professional medical opinion, Ms. Abernathy should be excused from working in the COVID-19 clinic.

14. Ms. Rolfes refused to accept the letter from Dr. Haq and informed Ms. Abernathy that she had been terminated the day prior for failing to report to the Facility's COVID-19 clinic. Ms. Rolfes then instructed Ms. Abernathy to clock out and go home.

15. Defendants refused to engage in any interactive process to try to reach an accommodation with Ms. Abernathy.

16. Before her termination, Ms. Abernathy was an exemplary employee with. no prior history of discipline or corrective action.

3

17. Defendants compounded their retaliation against Ms. Abernathy by falsely reporting to the Ohio Department of Jobs and Family Services ("ODJFS") that Ms. Abernathy "quit" her position, and thus interfered with her ability to claim unemployment benefits.

18. Despite Defendants' efforts to retaliate against Ms. Abernathy by interfering with her right to collect unemployment benefits during a pandemic, in January 2022, ODJFS found that Ms. Abernathy was entitled to unemployment the same, based on the unrebutted evidence and testimony supplied by Ms. Abernathy.

19. Ms. Abernathy's compensation at the time of her termination was $19.57 per hour, plus health insurance benefits, after a merit-based raise in December 2020.

20. In June 2021, Ms. Abernathy filed her Charge of Discrimination against Defendants with the Ohio Civil Rights Commission ("OCRC").

21. In August 2021, Defendants terminated their COVID clinic identified in this Complaint.

22. On February 10, 2022, the OCRC issued Ms. Abernathy a notice of her right to sue.

23. Defendants' stated reason for terminating Ms. Abernathy's employment is pretext because it violated its own policies by attempting to force Ms. Abernathy to work at the "volunteer" COVID-19 clinic, which it subsequently terminated despite an explosion of cases at the time.

24. Even if Ms. Abernathy's declination to report to the volunteer COVID-19 clinic constitutes a "refusal to work," which she denies, Defendants also violated their own

4

policies by terminating her employment without engaging in a mandatory "coaching" session.

## CAUSES OF ACTION

### Count I
### Violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, and the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112:

### Disability Discrimination

25. Plaintiff incorporates the preceding allegations of this Complaint as if fully rewritten.

26. At all times relevant to this Complaint and as described in the same, Plaintiff suffered a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), Chapter 4112 of the Ohio Civil Rights Act ("OCRA"), and applicable law.

27. At all times relevant to this Complaint and as described in the same, Defendants knew Plaintiff was disabled, and/or regarded her as such within the meaning of the ADA and OCRA.

28. At all times relevant to this Complaint and as described in the same, Ms. Abernathy's fiancé suffered from disabilities within the meaning of the ADA and OCRA.

29. At all times relevant to this Complaint, Plaintiff had an "associational" relationship with her fiancé within the meaning of the ADA and OCRA.

30. At all times relevant to this Complaint and as described in the same, Defendants knew Ms. Abernathy's fiancé was disabled, and/or regarded him as such within the meaning of the ADA and OCRA.

31. At all times relevant to this Complaint, Plaintiff was qualified for her position with Defendants.

32. Plaintiff suffered the adverse employment action of termination by the Defendants because of her disability within the meaning of, and in violation of, the ADA, the OCRA, and applicable law.

33. Defendants' conduct described in this Complaint constitutes disability discrimination within the meaning of the ADA, OCRA, and applicable law.

34. As a direct and proximate result of Defendants' violation of the ADA and OCRA for disability discrimination as described in this Complaint, Plaintiff has suffered damages in excess of the jurisdictional threshold of this Court, to be determined by the trier of fact.

### Count II
### Violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, and the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112:

### Disability Discrimination based on "Association"

35. Plaintiff incorporates the preceding allegations of this Complaint as if fully rewritten.

36. At all times relevant to this Complaint, Defendants knew that Ms. Abernathy was "associated" with her fiancé within the meaning of the ADA and ORCA.

37. Defendant's adverse employment action against Ms. Abernathy occurred under circumstances that raise a reasonable inference that the disabilities of Ms. Abernathy's fiancé were a determining factor in terminating her employment.

6

38. Defendants' conduct in this regard constitutes disability discrimination within the meaning of the ADA, OCRA, and applicable law.

39. As a direct and proximate result of Defendants' violation of the ADA and OCRA on the basis of disability discrimination based on association, as described in this Complaint, Plaintiff has suffered damages in excess of the jurisdictional threshold of this Court, to be determined by the trier of fact.

## Count III
## Violation of 42 U.S.C. §12101, *et seq.* and
## the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112:

## Failure to Accommodate

40. Plaintiff incorporates the preceding allegations of this Complaint as if fully rewritten.

41. Plaintiff requested a reasonable accommodation of her disability as described in this Complaint within the meaning of the ADA and the OCRA.

42. The accommodation requested by Plaintiff would have placed no meaningful burden on the Defendants, as evidenced, in part by Defendants' termination of their COVID clinic in August 2021 despite an explosion in cases between then and January 2022. Indeed, the explosion in COVID cases between August 2021 and January 2022 far exceeded COVID cases in March 2020 when the clinic was opened.

43. Defendants failed to accommodate Plaintiff's requested accommodation as described in this Complaint within the meaning of the ADA and OCRA.

44. Defendants likewise failed to engage in any interactive process with Plaintiff to reach an accommodation in violation of 29 CFR §1630.2 and applicable law.

7

45. As a direct and proximate result of Defendants' failure to accommodate Plaintiff's disability within the meaning of the ADA and OCRA, and failure to engage in any interactive process as described in this Complaint, Plaintiff has suffered damages in excess of the jurisdictional threshold of this Court.

### Count IV
### Violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, and the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112:

### Retaliation

46. Plaintiff incorporates the preceding allegations of this Complaint as if fully rewritten.

47. Plaintiff engaged in protected activity under the ADA and OCRA when she asked Defendant to accommodate her disability, as described in this Complaint.

48. Plaintiff further engaged in protected activity within the meaning of the ADA and OCRA when she applied for unemployment benefits during a pandemic.

49. Defendants knew about Plaintiff's disability at all times relevant to this Complaint and knew that she had requested an accommodation under the ADA and OCRA.

50. Defendants further knew that Ms. Abernathy applied for unemployment benefits as evidenced by its attempt to deny her those benefits.

51. Defendants retaliated against Plaintiff by terminating her employment because she requested an accommodation under the ADA and OCRA, and by interfering with her right to collect unemployment benefits as described in this Complaint.

52. As a direct and proximate result of Defendants' retaliation against Plaintiff as described in this Complaint, Defendants caused Plaintiff injuries in an amount in excess of the jurisdictional threshold of this Court, to be determined by the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Traci A. Abernathy, prays for judgment against the Defendants TriHealth, Inc. and TriHealth G, LLC as follows:

A. Compensatory damages;

B. Damages in the form of back pay;

C. Damages in the form of front pay;

D. Damages for emotional distress;

E. Lost benefits;

F. Equitable relief;

G. Pre- and post-judgment interest on compensatory damages, damages for back pay, damages for front pay, emotional distress damages, lost benefits, and equitable relief;

H. An award of her attorney's fees, and costs;

I. An award of punitive damages; and

J. Such other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

***/s/ Justin Whittaker***
Justin Whittaker, Esq. (0093212)
WHITTAKER LAW, LLC
1431 Walnut Street
Cincinnati, Ohio 45202
(513) 259-3758
(513) 436-0698 Fax
Justin@WhittakerLawFirm.com

Counsel for Traci A. Abernathy